1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10  LEROY FRANKLIN,

11            Plaintiff,                    No. 2: 11-cv-2055 KJN P

12        vs.

13  T. FELKER, et al.,

14            Defendants.          ORDER

15  _____/

16            Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis,

17  with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's

18  July 18, 2012 motions to re-open discovery and to compel defendants to provide him with a copy

19  of his deposition transcript.  For the following reasons, these motions are denied.

20  Motion to Re-Open Discovery

21            *Legal Standard*

22            Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be

23  modified only for good cause and with the judge's consent."  See also Zivkovic v. So. Cal.

24  Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can

25  only be modified 'upon a showing of good cause.'") (citing Johnson v. Mammoth Recreations,

26  Inc., 975 F.2d 604, 607 (9th Cir. 1992)).  In Johnson, the Ninth Circuit Court of Appeals

described Rule 16's "good cause" inquiry:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (citations and quotation marks omitted, modification in original).

Judges of this court have articulated and undertaken the following three-step inquiry in resolving the question of "diligence" in the context of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted).

*Analysis*

On January 12, 2012, the court issued a scheduling order setting the discovery cut-off date for May 4, 2012. This order stated that all discovery requests were to be served not later than sixty days prior to this date. This order set the deadline for filing pretrial motions for July 27, 2012.

On June 18, 2012, plaintiff filed a motion for a sixty day extension of time to file a dispositive motion based on inadequate law library access. Defendants did not oppose the motion. Accordingly, on July 18, 2012 the undersigned granted plaintiff's motion and extended

1  the dispositive motion deadline to September 27, 2012.

2          On July 18, 2012, plaintiff filed the pending motion to re-open discovery.

3  Plaintiff alleges that on March 5, 2012, he served defendants with a request for production of

4  documents.  Plaintiff alleges that on April 30, 2012, he served defendants with interrogatories.

5  Plaintiff alleges that he did not have adequate time to conduct discovery due to inadequate law

6  library access caused by lockdowns.  Plaintiff alleges that on March 7, 2012, and April 11, 2012,

7  defendants responded to his discovery requests.  Plaintiff alleges that these requests were

8  inadequate.

9          On July 30, 2012, defendants filed an opposition to plaintiff's motion to re-open

10  discovery.  Defendants argue that plaintiff was not diligent in attempting to complete discovery.

11  Defendants observe that plaintiff filed his motion to re-open discovery more than two months

12  after the May 4, 2012 discovery cut-off deadline.  Defendants note that although plaintiff

13  contends that their responses to his discovery requests were inadequate, plaintiff did not file

14  motions to compel.  Attached as an exhibit to defendants' opposition is a letter addressed to

15  plaintiff from defense counsel dated May 7, 2012.  This letter states that defendants received his

16  interrogatories served April 30, 2012.  This letter states that because the interrogatories were not

17  served sixty days before the discovery cut-off date, defendants would not respond.

18          The record indicates that plaintiff was not diligent in seeking to comply with the

19  discovery cut-off date or in seeking to modify the discovery cut-off date.  Plaintiff's general

20  allegations regarding inadequate law library access do not show good cause for his failure to

21  conduct timely discovery or file a timely motion to re-open discovery.  Plaintiff does not discuss

22  why he did not earlier seek an extension of time to conduct discovery.  Because plaintiff has not

23  demonstrated that he acted diligently, his motion to re-open discovery is denied.[1]

24  ////

25  ────────────────

26      [1]  The undersigned granted plaintiff's motion to extend the dispositive motion deadline.
However, defendants did not oppose that motion.

1   Motion for Deposition Transcript

2           Plaintiff alleges that defendants conducted his deposition on May 3, 2012.

3   Plaintiff requests that the court order defendants to send him a copy of the deposition transcript

4   free of charge.

5           As noted by defendants in the opposition to the pending motion, Federal Rule of

6   Civil Procedure 30(f)(3) provides that, "the officer must retain the stenographic notes of a

7   deposition taken stenographically or a copy of the recording of a deposition taken by another

8   method.  When paid reasonable charges, the officer must furnish a copy of the transcript or

9   recording to any party or the deponent."

10          Although plaintiff was granted leave to proceed in forma pauperis in this case, it

11  is well established that "'the expenditure of public funds [on behalf of an indigent litigant] is

12  proper only when authorized by Congress.'"  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989)

13  (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).  The expenditure of public

14  funds for deposition transcripts is not authorized by the in forma pauperis statute or any other

15  statute.  See 28 U.S.C. § 1915.  Plaintiff's request for a copy of the deposition transcript free of

16  charge is therefore denied.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff's motion to re-open discovery (Dkt. No. 16) is denied;

19          2.  Plaintiff's motion to compel defendants to provide him with a copy of the

20  deposition transcript (Dkt. No. 17) is denied.

21  DATED:  August 3, 2012

22

23                                          _____

24                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

25  frank2055.ord(2)

26

4