IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY FRANKLIN,

       Plaintiff,                    No. 2: 11-cv-2055 KJN P

    vs.

T. FELKER, et al.,

       Defendants.            ORDER

_____/

I. <u>Introduction</u>

        Plaintiff is proceeding without counsel with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Hackworth placed him on contraband watch in retaliation for plaintiff complaining about defendant's actions. Pending before the court are plaintiff's motion to conduct additional discovery (dkt. no. 33) and motion for a copy of his deposition transcript (dkt. no. 32). For the following reasons, these motions are denied.

II. <u>Background</u>

        On January 12, 2012, the court issued a scheduling order setting the discovery cut-off for May 4, 2012, and the dispositive motion cut-off for July 27, 2012. (Dkt. No. 13.) On June 18, 2012, plaintiff filed an unopposed motion for a sixty day extension of time to file a dispositive motion. (Dkt. No. 14.) On July 18, 2012, the court granted this motion, extending

1

the dispositive motion cut-off to September 27, 2012.  (Dkt. No. 15.)

On July 18, 2012, plaintiff filed a motion to re-open discovery.  (Dkt. No. 16.) Plaintiff also filed a motion to compel defendants to provide him with a copy of his deposition transcript.  (Dkt. No. 17.)  On August 6, 2012, the court denied these motions.  (Dkt. No. 20.) Regarding the motion to re-open discovery, the court found that plaintiff was not diligent in seeking to comply with the discovery cut-off date.  (Id.)

On September 27, 2012, defendant filed a summary judgment motion.  (Dkt. No. 22.)  Defendant argued that he was entitled to summary judgment because he did not have the authority to place plaintiff on contraband watch.  (Id.)  On October 15, 2012, plaintiff filed a motion for a thirty day extension of time to file his opposition.  (Dkt. No. 25.)  On October 23, 2012, the court granted plaintiff an extension of thirty days to file his opposition.  (Dkt. No. 26.)

On November 28, 2012, plaintiff filed a second motion for extension of time to file his opposition.  (Dkt. No. 27.)  On December 7, 2012, the court granted plaintiff thirty days to file his opposition, and further ordered that no additional requests for extension of time to file an opposition would be granted.  (Dkt. No. 28.)  Thirty days passed and plaintiff did not file his opposition.   However, on February 11, 2013, plaintiff filed a notice of change of address stating that he had been unable to file his opposition due to a transfer to an out of state facility.  (Dkt. No. 30.)  Accordingly, on February 20, 2013, the court granted plaintiff an additional thirty days to file his opposition. (Dkt. No. 31.)

Instead of filing his opposition, plaintiff filed the pending motions.

III.  Motion For Additional Discovery

In the motion for additional discovery, plaintiff alleges that he was unable to obtain sufficient evidence during his first round of discovery with defendants.  Plaintiff alleges that he does not now possess the evidence he requires to defeat defendant's summary judgment motion.  In particular, plaintiff alleges that he must conduct additional discovery in order to obtain evidence showing that defendant Hackworth was involved in the decision to place him on

1  contraband watch.

2          Federal Rule of Civil Procedure 56(d) provides,

3  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court:

4

5  1) defer considering the motion or deny it;

6  2) allow time to obtain affidavits or declarations or to take discovery; or

7  3) issue any other appropriate order.

8  Fed. R. Civ. P. 56(d).

9          While plaintiff has made a specific showing of the reasons he seeks to conduct

10 additional discovery, he has not been diligent in conducting discovery. Qualls v. Blue Cross of

11 California, Inc., 22 F.3d 839, 844 (9th Cir. 1994) (stating that party seeking a continuance must

12 show a diligent pursuant of previous opportunities for discovery).

13         As discussed above, plaintiff has not diligently conducted discovery in this action.

14 Plaintiff's pending motion further demonstrates this lack of diligence, as it was filed

15 approximately six months after defendant filed his summary judgment motion. In his two

16 requests for extension of time to file his opposition, plaintiff made no mention of seeking

17 additional discovery. Plaintiff also does not explain why he could not have earlier obtained

18 evidence of defendant Hackworth's involvement in the decision to place him on contraband

19 watch.

20         Moreover, it is apparent that plaintiff's present motion to conduct additional

21 discovery is made in response to arguments raised in defendant's summary judgment motion.

22 Plaintiff is not entitled to wait until a dispositive motion is filed and then seek additional

23 discovery in order to respond to the arguments raised in defendant's motion.

24         For these reasons, plaintiff's motion to conduct additional discovery is denied.

25 ////

26 ////

IV. <u>Motion for Transcript</u>

Plaintiff requests that he be provided with a complete copy of his deposition transcript.

On August 6, 2012, the court denied plaintiff's previous motion for a copy of his deposition transcript. In the August 6, 2012 order, the court noted that Federal Rule of Civil Procedure 30(f)(3) provides that, "the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of the deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent."

Although plaintiff was granted leave to proceed in forma pauperis in this case, it is well established that "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" <u>Tedder v. Odel</u>, 890 F.2d 210, 211 (9th Cir. 1989) (quoting <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976)). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute. <u>See</u> 28 U.S.C. § 1983. Plaintiff's request for a copy of his deposition transcript, free of charge, is therefore denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a copy of his deposition transcript (dkt. no. 32) is denied;

2. Plaintiff's motion for additional discovery (dkt. no. 33) is denied; and

3. Plaintiff is granted thirty days from the date of this order to file his opposition to defendant's summary judgment motion (or a statement of non-opposition). No further requests for extension of time to file the opposition will be granted.

DATED: May 1, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

frank2055.den